UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ELAINE L. CHAO, Secretary of Labor, *
United States Department of Labor, *
                                    *           MAGISTRATE JUDGE Alexander
         Plaintiff,                 *
                                    *           CIVIL ACTION
     v.                             *
                                    *           FILE NO.
                                    *           RECEIPT #
R & B FOODS, INC.; BENJAMIN D. BRIENZA, *       AMOUNT $ ___ N/A
                                    *           SUMMONS ISSUED ✓
         Defendants.                *           LOCAL RULE 4.1
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*   WAIVER FORM
                                                MCF ISSUED
                   COMPLAINT                    BY DPTY. CLK.
                                                DATE 7/19/05

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132 (a)(2) and (5) to redress violations and to enforce the provisions of Title I of ERISA.

2. The Court has subject matter jurisdiction over this action pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue of this action lies in the District of Massachusetts pursuant to Section § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4. Defendant R & B Foods, Inc. ("R&B") was, during the period from January 1, 2000 through December 2002, an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

5. From January 2000 through December 2002, Defendant R&B was a corporation with an office and place of business in Haverhill, MA, within the jurisdiction of this Court. Defendant R&B ceased operations in December 2002.

6. From January 2000 through the present (the "pertinent period"), Defendant Benjamin D. Brienza ("Brienza"), has been the President and sole owner of Defendant R&B. Defendant Brienza currently resides at 1122 North Lion Cub Path, Lecanto, Florida 34461.

7. On January 1, 1999, Defendant R&B established the R & B Foods, Inc. 401(k) Profit Sharing Plan (the "Plan"), an employee pension benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and which is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

8. The purpose of the Plan is to provide retirement benefits for the exclusive benefit of its participants, employees of Defendant R&B, and their beneficiaries.

9. During the pertinent period, Defendant R&B has been the Plan Sponsor, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and Plan Administrator and a named fiduciary pursuant to ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1).

10. During the pertinent period, Defendant R&B, as the Plan Sponsor and Plan Administrator, exercised discretionary authority or discretionary control respecting management of the Plan and discretionary authority or discretionary control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Defendant R&B was, during the pertinent period, a fiduciary to the Plan as that term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

11. During the pertinent period, Defendant R&B was a party in interest within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

12. During the pertinent period, Defendant Brienza has been a Trustee of the Plan and a "named fiduciary" with respect to the Plan within the meaning of ERISA § 402(a), 29 U.S.C. § 1102(a).

13. During the pertinent period, Defendant Brienza exercised discretionary authority or discretionary control respecting management of the Plan and discretionary authority or discretionary control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Defendant Brienza was, during the pertinent period, a fiduciary to the Plan as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

14. During the pertinent period, Defendant Brienza has been a party in interest within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

15. According to Plan documents, the Plan was to be funded by withheld employee contributions each pay period as determined by participant elections in amounts ranging up to the maximum percentage allowable under the Internal Revenue Code.

16. During the pertinent period, the contributions withheld on behalf of each Plan participant became assets of the Plan by operation of 29 C.F.R. § 2510.3-102.

17. The Plan document states that no part of the Plan Trust Fund, which includes employee contributions, may be used for, or diverted to, purposes other than for the exclusive benefit of participants and beneficiaries and that the Plan was required to be administered in accordance with the terms of ERISA.

18. From January 2000 through and including June 2000, Defendants failed to forward withheld employee contributions in a timely manner.

19. Defendants failed to remit withheld employee contributions to the Plan from on or about July 2000 through December 2000. The unremitted employee contributions totaled approximately $9,400 and are due and owing to the Plan.

20. On October 5, 2001, Defendant Brienza caused a distribution check to Participant Brian Murphy, in the amount of $6,390.15, to be deposited into Defendant R&B's business account.

21. Defendants never transferred the $6,390.15 of Plan assets to Participant Murphy.

22. On or about February 4, 2002, Defendant Brienza caused all of the Plan's assets, totaling approximately $47,000, to be withdrawn from Oppenheimer Funds, the Plan's Custodian, and deposited into Defendant R&B's business checking account at Banknorth.

23. Approximately $18,100 of the $47,000 belonged to Participants other than Defendant Brienza.

24. Plan assets that were improperly transferred to R & B, and employee contributions that were withheld but not forwarded to the Plan, excluding Defendant Brienza's contributions and account balance, total approximately $34,000, plus interest, and are due and owing to the Plan.

25. From July 2000 to the present, no measures were undertaken by Defendants, as fiduciaries to the Plan, to collect Plan assets that were improperly transferred to R&B or to collect employee contributions that Defendants failed to forward to the Plan.

26. As a result of the conduct set forth at paragraphs 18 through 25, Defendants failed to discharge their fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §§ 403(c)(1) and 404(a)(1)(A), 29 U.S.C. §§ 1103(c)(1) and 1104(a)(1)(A).

27. As a result of the conduct set forth at paragraphs 18 through 25, Defendants failed to discharge their fiduciary duties with the required degree of care, skill, prudence and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

28. As a result of the conduct set forth at paragraphs 18 through 25, Defendants failed to act in accordance with the Plan document, in violation of ERISA § 404(a)(1)(D).

29. As a result of the conduct set forth at paragraphs 18 through 25, Defendants engaged in prohibited transactions by causing or permitting the transfer of assets of the Plan to, or use of plan assets by or for the benefit of Defendant R&B, a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

30. As a result of the conduct set forth at paragraphs 18 through 25, Defendants participated in what they knew or should have known constituted prohibited transactions by dealing with the assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

31. As a result of the conduct set forth at paragraphs 18 through 25, Defendants participated in what they knew or should have known constituted prohibited transactions by dealing with the assets of the Plan on behalf of a party whose interests were adverse to the interests of the Plan and its Participants and Beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(a)  Permanently enjoining Defendants from violating, or knowingly participating in violations of, the provisions of ERISA §§ 403, 404 and 406, 29 U.S.C. §§ 1103, 1104 and 1106.

(b) Permanently enjoining Defendants from serving as fiduciaries to the Plan or any other employee benefit plan covered by ERISA;

(c) Requiring Defendants to undo the prohibited transactions in which they engaged and to restore to the Plan any and all losses incurred as a result of breaches of their fiduciary duties and the violations they committed or for which they are liable, with appropriate interest;

(d) Appointing an independent fiduciary to terminate the Plan and distribute Plan assets to Plan Participants;

(e) Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Kelly M. Lawson
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:
U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE: July 18, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Elaine L. Chao v. R & B Foods, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
    YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
    YES ☐   NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
    YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
    YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
    YES ☐   NO ☒

    A. If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☐   Central Division ☐   Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
    YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Attorney Kelly M. Lawson__
ADDRESS __Office of the Regional Solicitor, JFK Federal Bldg. Rm.E-375, Boston, Mass. 02230__
TELEPHONE NO. __617-565-2500__

(CategoryForm[1].wpd -5/2/05)

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained in neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ELAINE L. CHAO, Secretary of Labor,
UNITED STATES DEPARTMENT OF LABOR,

**DEFENDANTS**
R & B FOODS, INCORPORATED AND
BENJAMIN D. BRIENZA

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Essex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-565-2500
Attorney Kelly M. Lawson
JFK Federal Building - Room E-375
Boston, Massachusetts  02203

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff
[ ] 2  U.S. Government Defendant
[ ] 3  Federal Question (U.S. Government Not a Party)
[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument |  [ ] 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 330 Federal Employers' Liability / [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 480 Consumer Credit |
|  |  | [ ] 660 Occupational Safety/Health |  | [ ] 490 Cable/Sat TV |
|  | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  |  | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |  [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) |  |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [X] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/Accommodations / **Habeas Corpus:** |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land |  [ ] 530 General |  | [ ] 871 IRS—Third Party 26 USC 7609 |  |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other |  |  |  |
|  | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights |  |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

[XX] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA Sec.502(a)(2) and (5), 29 U.S.C. Sec. 1132(a)(2) and (5)

Brief description of cause:
To restore funds taken from the employee pension plan and to fund plan with withheld employee contributions.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: July 18, 2005
SIGNATURE OF ATTORNEY OF RECORD
Attorney Kelly M. Lawson  /s/ Kelly M. Lawson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____