Deputy S. Pitts

RETURN OF SERVICE

RECEIPT NUMBER: 0001185-05

PERSON TO BE SERVED:   BENJAMIN D. BRIENZA
            CORP/DBA:
            ADDRESS:   1122 NORTH LION CUB PATH
                       LECANTO

PLAINTIFF:  ELAINE L. CHAO, SECRETARY OF LABOR, ET AL
     -vs-
DEFENDANT:  R. & B. FOODS, INCORPORATED AND BENJAMIN D. BRIENZA

            KELLY M. LAWSON
            UNITED STATES DEPARTMENT OF LABOR
            JOHN F. KENNEDY BUILDING
            BOSTON, MA  02203

                    PLAINTIFF/ATTORNEY

CASE NUMBER: 05 11523 RWZ
       COURT: U.S. DISTRICT COURT                    COURT DATE:

TYPE WRIT:  SUMMONS IN A CIVIL CASE AND COMPLAINT

Received the above-named writ on July 22, 2005 at 1:31 PM and served
the same at 01:30 PM on July 28, 2005 in CITRUS County, Florida,
as follows:

                         INDIVIDUAL

   By delivering a true copy of this writ together with a copy of the
   initial pleadings, if any, with the date and hour of service endorsed
   thereon by me, to: BENJAMIN D. BRIENZA

CIVIL COSTS                              JEFFREY J. DAWSY, SHERIFF
                                         CITRUS COUNTY, FLORIDA
FEE: $ 30.00

TOTAL DEPOSIT: $ 30.00            BY: PITTS
                                 Deputy S. Pitts        (CS)
                                        DEPUTY SHERIFF
LS

DEPUTY'S WORKSHEET

RECEIPT NUMBER: 0001185-05
DATE: 07-22-05

PERSON TO BE SERVED:  BENJAMIN D. BRIENZA
        CORP/DBA:
        ADDRESS:  1122 NORTH LION CUB PATH
                  LECANTO

PLAINTIFF:  ELAINE L. CHAO, SECRETARY OF LABOR, ET AL
        -VS-
DEFENDANT:  R. & B. FOODS, INCORPORATED AND BENJAMIN D. BRIENZA

CASE NUMBER: 05 11523 RWZ                    ASSIGN TO: OFFICE
        COURT: U.S. DISTRICT COURT            COURT DATE:

TYPE WRIT:  SUMMONS IN A CIVIL CASE AND COMPLAINT

| ATTEMPTED SERVICE | HOW SERVED |
|---|---|
| | (A) |
| | |
| | |
| | |
| | |
| | DATE: 7 28 05    TIME: 1330 |

BY:  S Pitts
DEPUTY SHERIFF

Should be in Judge Simmon's Court
@ 1:00 pm today.

LS

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of          MASSACHUSETTS

ELAINE L. CHAO, Secretary of Labor,
UNITED STATES DEPARTMENT OF LABOR,

PLAINTIFF,

V.

R. & B. FOODS, INCORPORATED and
BENJAMIN D. BRIENZA,

DEFENDANTS.

## SUMMONS IN A CIVIL CASE

05  11523 RWZ

CASE NUMBER:

TO: (Name and address of Defendant)

Benjamin D. Brienza
1122 North Lion Cub Path
Lecanto, Florida  34461

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Attorney Kelly M. Lawson
Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusett  02203

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable
period of time after service.

SARAH A. THORNTON

CLERK

(By) DEPUTY CLERK

DATE        JUL 1 9 2005

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT COPY

District of _MASSACHUSETTS_

ELAINE L. CHAO, Secretary of Labor,
UNITED STATES DEPARTMENT OF LABOR,

PLAINTIFF,

V.

**SUMMONS IN A CIVIL CASE**

R. & B. FOODS, INCORPORATED and
BENJAMIN D. BRIENZA,

DEFENDANTS.

# 05 11523 RWZ

CASE NUMBER:

TO: (Name and address of Defendant)

R. & B. Foods, Incorporated
Attention: Benjamin D. Brienza, President
1122 North Lion Cub Path
Lecanto, Florida 34461

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Attorney Kelly M. Lawson
Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusetts 02203

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**SARAH A. THORNTON**

JUL 19 2005

CLERK                                    DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ELAINE L. CHAO, Secretary of Labor,            \*
 United States Department of Labor,            \*
                                               \*
                 Plaintiff,                    \*
                                               \*        CIVIL ACTION
            v.                                 \*
                                               \*        FILE NO.
R & B FOODS, INC.; BENJAMIN D. BRIENZA,        \*
                                               \*
                 Defendants.                   \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

1.    This action arises under the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought pursuant to ERISA § 502(a)(2) and (5), 29

U.S.C. § 1132 (a)(2) and (5) to redress violations and to enforce the provisions of Title I of

ERISA.

2.    The Court has subject matter jurisdiction over this action pursuant to Section

502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.    Venue of this action lies in the District of Massachusetts pursuant to Section

§ 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

4.    Defendant R & B Foods, Inc. ("R&B") was, during the period from January 1, 2000

through December 2002, an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

5.    From January 2000 through December 2002, Defendant R&B was a corporation

with an office and place of business in Haverhill, MA, within the jurisdiction of this Court.

Defendant R&B ceased operations in December 2002.

6.    From January 2000 through the present (the "pertinent period"), Defendant

Benjamin D. Brienza ("Brienza"), has been the President and sole owner of Defendant R&B.

Defendant Brienza currently resides at 1122 North Lion Cub Path, Lecanto, Florida 34461.

7.    On January 1, 1999, Defendant R&B established the R & B Foods, Inc. 401(k)

Profit Sharing Plan (the "Plan"), an employee pension benefit plan within the meaning of ERISA

§ 3(2)(A), 29 U.S.C. § 1002(2)(A), and which is covered under ERISA pursuant to § 4(a), 29

U.S.C. § 1003(a).

8.    The purpose of the Plan is to provide retirement benefits for the exclusive benefit of

its participants, employees of Defendant R&B, and their beneficiaries.

9.    During the pertinent period, Defendant R&B has been the Plan Sponsor, as defined

by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i), and Plan Administrator and a named

fiduciary pursuant to ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1).

10.    During the pertinent period, Defendant R&B, as the Plan Sponsor and Plan

Administrator, exercised discretionary authority or discretionary control respecting management

of the Plan and discretionary authority or discretionary control respecting management or

disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in

the administration of the Plan. Therefore, Defendant R&B was, during the pertinent period, a

fiduciary to the Plan as that term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. §

1002(21)(A).

11.    During the pertinent period, Defendant R&B was a party in interest within the

meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

2

12.    During the pertinent period, Defendant Brienza has been a Trustee of the Plan and a "named fiduciary" with respect to the Plan within the meaning of ERISA § 402(a), 29 U.S.C. § 1102(a).

13.    During the pertinent period, Defendant Brienza exercised discretionary authority or discretionary control respecting management of the Plan and discretionary authority or discretionary control respecting management or disposition of the Plan's assets, and had discretionary authority or discretionary responsibility in the administration of the Plan. Therefore, Defendant Brienza was, during the pertinent period, a fiduciary to the Plan as that term is defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

14.    During the pertinent period, Defendant Brienza has been a party in interest within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. § 1002(14)(A), (E) and (H).

15.    According to Plan documents, the Plan was to be funded by withheld employee contributions each pay period as determined by participant elections in amounts ranging up to the maximum percentage allowable under the Internal Revenue Code.

16.    During the pertinent period, the contributions withheld on behalf of each Plan participant became assets of the Plan by operation of 29 C.F.R. § 2510.3-102.

17.    The Plan document states that no part of the Plan Trust Fund, which includes employee contributions, may be used for, or diverted to, purposes other than for the exclusive benefit of participants and beneficiaries and that the Plan was required to be administered in accordance with the terms of ERISA.

18.    From January 2000 through and including June 2000, Defendants failed to forward withheld employee contributions in a timely manner.

3

19. Defendants failed to remit withheld employee contributions to the Plan from on or about July 2000 through December 2000. The unremitted employee contributions totaled approximately $9,400 and are due and owing to the Plan.

20. On October 5, 2001, Defendant Brienza caused a distribution check to Participant Brian Murphy, in the amount of $6,390.15, to be deposited into Defendant R&B's business account.

21. Defendants never transferred the $6,390.15 of Plan assets to Participant Murphy.

22. On or about February 4, 2002, Defendant Brienza caused all of the Plan's assets, totaling approximately $47,000, to be withdrawn from Oppenheimer Funds, the Plan's Custodian, and deposited into Defendant R&B's business checking account at Banknorth.

23. Approximately $18,100 of the $47,000 belonged to Participants other than Defendant Brienza.

24. Plan assets that were improperly transferred to R & B, and employee contributions that were withheld but not forwarded to the Plan, excluding Defendant Brienza's contributions and account balance, total approximately $34,000, plus interest, and are due and owing to the Plan.

25. From July 2000 to the present, no measures were undertaken by Defendants, as fiduciaries to the Plan, to collect Plan assets that were improperly transferred to R&B or to collect employee contributions that Defendants failed to forward to the Plan.

26. As a result of the conduct set forth at paragraphs 18 through 25, Defendants failed to discharge their fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA §§ 403(c)(1) and 404(a)(1)(A), 29 U.S.C. §§ 1103(c)(1) and 1104(a)(1)(A).

4

27.    As a result of the conduct set forth at paragraphs 18 through 25, Defendants failed to discharge their fiduciary duties with the required degree of care, skill, prudence and diligence, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

28.    As a result of the conduct set forth at paragraphs 18 through 25, Defendants failed to act in accordance with the Plan document, in violation of ERISA § 404(a)(1)(D).

29.    As a result of the conduct set forth at paragraphs 18 through 25, Defendants engaged in prohibited transactions by causing or permitting the transfer of assets of the Plan to, or use of plan assets by or for the benefit of Defendant R&B, a party in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

30.    As a result of the conduct set forth at paragraphs 18 through 25, Defendants participated in what they knew or should have known constituted prohibited transactions by dealing with the assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

31.    As a result of the conduct set forth at paragraphs 18 through 25, Defendants participated in what they knew or should have known constituted prohibited transactions by dealing with the assets of the Plan on behalf of a party whose interests were adverse to the interests of the Plan and its Participants and Beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(a)    Permanently enjoining Defendants from violating, or knowingly participating in violations of, the provisions of ERISA §§ 403, 404 and 406, 29 U.S.C. §§ 1103, 1104 and 1106.

5

(b)    Permanently enjoining Defendants from serving as fiduciaries to the Plan or any
       other employee benefit plan covered by ERISA;

(c)    Requiring Defendants to undo the prohibited transactions in which they engaged
       and to restore to the Plan any and all losses incurred as a result of breaches of
       their fiduciary duties and the violations they committed or for which they are
       liable, with appropriate interest;

(d)    Appointing an independent fiduciary to terminate the Plan and distribute Plan
       assets to Plan Participants;

(e)    Awarding to Plaintiff the costs of this action, and other relief as is equitable and
       just.


                                    Howard M. Radzely
                                    Solicitor of Labor

                                    Frank V. McDermott, Jr.
                                    Regional Solicitor

                                    Kelly M. Lawson
                                    Attorney

                                    U.S. Department of Labor
                                    Attorneys for Plaintiff

                                    Post Office Address:
                                    U.S. Department of Labor
                                    Office of the Solicitor
                                    JFK Federal Building
                                    Room E-375
                                    Boston, MA  02203
                                    TEL: (617) 565-2500
                                    FAX: (617) 565-2142

                                    DATE: July 18, 2005

6