UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ELAINE L. CHAO, Secretary of Labor,        \*
 United States Department of Labor,         \*
                                            \*
            Plaintiff,                      \*
                                            \*     CIVIL ACTION
      v.                                    \*
                                            \*     FILE NO.  05-11523 RWZ
R & B FOODS, INC.; BENJAMIN D. BRIENZA,     \*
                                            \*
            Defendants.                     \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONSENT JUDGMENT AND ORDER

Defendants Benjamin D. Brienza ("Brienza") and R&B Foods, Inc. ("R&B," collectively with Brienza, the "Defendants") and Plaintiff Elaine Chao, Secretary of Labor, United States Department of Labor (the "Secretary"), have agreed to resolve all matters in controversy in this action (except for assessment by Plaintiff of any penalty pursuant to ERISA Sections 502(c) and/or 502(l), 29 U.S.C. Section 1132(c) and (l), and any proceedings related thereto), and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

Defendants were served with the Summons and Complaint in accordance with the requirements of Federal Rule of Civil Procedure 4 and have acknowledged receipt of Plaintiff's Complaint.  By consenting to this Order, Defendants have admitted to the jurisdiction of this Court over them and over the subject matter of this action.

The parties understand that nothing in this Consent Judgment and Order is binding on any governmental agency other than the United States Department of Labor.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

WHEREAS, Defendants and Plaintiff having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court and with due consideration and being fully advised of the premises,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendants are hereby permanently enjoined from the date of entry of this Judgment from engaging in any action in violation of the provisions of §§ 403, 404 and 406 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1103, 1104 and 1106.

2. Defendants are hereby permanently enjoined from acting in a fiduciary capacity within the meaning of ERISA §3(21), 29 U.S.C. §1002(21), including but not limited to refraining from serving as a Trustee or Administrator with respect to any ERISA-covered employee benefit plan in the future.

3. Defendant Brienza shall pay, or cause to be paid, Restitution, in the amount of $31,527.38, as well as accrued post-judgment interest (at the statutory post-judgment rate) (the "Interest"), to the R&B Foods, Inc. 401(k) Profit Sharing Plan ("the Plan") for distribution to Plan Participants in the manner set forth in Schedule A annexed hereto.

4. Plaintiff and Defendants have agreed that the Restitution set forth in paragraph three (3) above, as well as the Interest, shall be satisfied in the manner set forth in Appendix A to this document.

5. Defendants acknowledge that they were fiduciaries of the Plan from at least July 2000 through the present and that, during that time period, they breached their fiduciary duties to the Plan by failing to (i) forward all employee contributions due and owing to the Plan for the period July 2000 through the end of December 2000, totaling approximately $7,038.53, plus interest; (ii) pay Participant Brian Murphy the $6,390.15, plus interest, owed to him from his Plan distribution check, which was deposited into R&B's business account on or about October 5, 2001; (iii) pay Plan Participants approximately $18,098.70, plus interest, on Plan funds that

2

belonged to employees and which were improperly transferred to R&B's business accounts on or about February 4, 2002.

6. In the event Defendant Brienza files bankruptcy in the future, Plaintiff and Defendant Brienza have agreed that the Restitution set forth in paragraph three (3) above, as well as the Interest, is a nondischargeable debt under § 523(a)(4) of the Bankruptcy Code, 11 U.S.C. § 523(a)(4).

7. Defendants acknowledges that the Secretary's agreement to the payment schedule set forth in Appendix A to this document is expressly predicated and contingent on the veracity and completeness of the financial information submitted by Defendant Brienza to the Employee Benefits Security Administration ("EBSA"). In the event of any material misstatement or omission in any such documents, the Secretary shall have the right to seek immediate payment of the full amount of the Judgment, including the Restitution plus the Interest, as well as the right to seek any other sanctions which are appropriate.

8. Each party shall bear its own fees, costs and expenses in connection with this action, and Defendants waive any right they might have under the Equal Access to Justice Act.

9. The Court shall maintain jurisdiction over this matter only for the purpose of enforcing this Consent Judgment and Order.

IT IS SO ORDERED THIS _____ DAY OF SEPTEMBER 2005

_____
United States District Judge

Defendant Benjamin D. Brienza hereby moves for entry of this Judgment:

By: /s/ Benjamin D. Brienza          Dated: 8/30/05
    122 North Lion Cub Path
    Lecanto, Florida 34461

Defendant R&B Foods, Inc. hereby moves for entry of this Judgment:

*[signature]*      Dated: 8/30/05
By: Benjamin D. Brienza, President
1122 North Lion Cub Path
Lecanto, Florida 34461


Plaintiff Elaine Chao, Secretary of Labor, hereby moves for entry of this Judgment:

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

*[signature]*      Dated: 9/6/05
Kelly M. Lawson
Attorney

U.S. Department of Labor
Attorneys for Plaintiff

*Post Office Address*:
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA  02203
Tel:  (617) 565-2500
Fax:  (617) 565-2142

## APPENDIX A

1. The Restitution, in the amount of $31,527.38, as well as the accrued post-judgment interest (at the statutory post-judgment rate) (the "Interest"), shall be paid according to this Appendix.

2. The Restitution amount shall be paid to the Participants in the manner detailed in paragraphs six (6) and eight (8) of this Appendix.

3. Payments made by Brienza pursuant to the Consent Judgment and Order shall continue to be made, in accordance with the provisions of this Appendix, until the full amount of the Restitution, as well as the Interest, has been paid in full.

4. The term "annual pretax gross income" is used solely for the purpose of this settlement and includes the total of the following:

   a) Benjamin D. Brienza's adjusted gross income as defined in the Internal Revenue Code which governed the filing of Federal personal income taxes for the tax year 2004, with the exception of any deduction for carryover losses from prior years which carryover losses, if any, shall be excluded from this calculation;

   plus b) all cash and non-cash inheritances;

   plus c) all cash and non-cash gifts from one or more persons or entities which total over $1,000 in value received by Defendant Brienza, of the nature that, if over $10,000, would be taxable gifts to the donor pursuant to the Internal Revenue Code as it was in effect for the tax year 2000;

   plus d) any income from sources which were required to be reported for information purposes on Internal Revenue Service Form 1040, Item 8b, consisting of tax exempt interest income.

5. Defendant Brienza shall submit to the Regional Director, Employee Benefits Security Administration ("EBSA"), Attn: James Benages, United States Department of Labor, JFK Federal Building, Room 575, Boston, MA 02203, adequate documentation of his annual pretax gross income as defined above to confirm the proper amount of payments due, including, but not limited to, annual income tax returns and annual confidential Declarations of Financial Status. If Brienza files a joint return with a spouse, EBSA shall accept copies of Brienza's joint tax return with a spouse, provided, however, that a notarized financial statement detailing Brienza's personal income from all sources accompanies the joint return. This documentation shall be submitted not later than April 15 of each year covered by this Agreement. Defendant Brienza shall also cooperate in answering any questions regarding the financial information that he submits to the Department of Labor.

6.   Defendant Brienza shall make annual payments based on his respective annual pretax gross income, according to the schedule detailed below, for the *pro rata* benefit of the Plan Participants.

| Annual Pretax Gross Income | Annual Payment |
|---|---|
| under $40,000 | $0.00 |
| between $40,001-$50,000 | $ 10% of the amount earned between $40,001 and $50,000 |
| between $50,001-$99,999 | $1,000 PLUS 20% of the amount earned between $50,001 and $99,999 |
| Above $100,000 | $11,000 PLUS 40% of the amount earned above $100,000 |

7.   The first annual income period will end on December 31, 2005. All annual income periods shall be based on the calendar year.

8.   Defendant Brienza shall begin making the annual payments pursuant to the schedule detailed in paragraph six (6) on May 15, 2006. The annual payments shall continue until the Restitution, as well as the Interest, is paid in full. Within sixty (60) days after making each annual payment, Brienza shall provide written evidence to EBSA, Attn: James Benages, United States Department of Labor, JFK Federal Building, Room 575, Boston, MA 02203, showing that he has made the required payments to the Plan Participants.

9.   The total amounts paid pursuant to paragraph six (6) shall be credited towards the total Restitution amount of $31,527.38, as set forth in the Consent Judgment and Order, as well as the Interest.

10.  Upon any default by Defendant Brienza, the Department of Labor shall have the right to accelerate full payment of all amounts due under the Consent Judgment and Order.

11.  The payment requirements of the Judgment in this matter will be satisfied when the Restitution, totaling $31,527.38, plus the Interest, has been paid in full to the Participants.

## Contributions Due To Plan Participants

| | |
|---|---|
| Kenneth Brienza<br>37 Ridgewood Drive<br>Atkinson, NH  03811 | $ 1,911.56 |
| Kory Brunell<br>65 Smith Corner Road<br>Newton, NH  03858 | 3,572.89 |
| Valerie Brunell<br>65 Smith Corner Road<br>Newton, NH  03858 | 1,578.96 |
| Karen J. Carroll<br>1 Cushing Avenue<br>Haverhill, MA  01830 | 6,517.82 |
| Tia Defina<br>65 Drew Street<br>Derry, NH  03038 | 452.89 |
| Marianna Grove<br>271 East Road<br>Hampstead, NH  03841 | 1,155.69 |
| Barbara Madison<br>3 Madison Avenue<br>Groveland, MA  01834 | 674.91 |
| Brian Murphy<br>3 Lewis Lane #8<br>P.O. Box 785<br>Atkinson, NH  03811 | 6,812.40 |
| Sharon Pelletier<br>58 Walker Road<br>Atkinson, NH  03811 | 2,312.78 |
| Karen E. Rego<br>4 Janet Lane<br>Newton, NH  03858 | 940.98 |
| Steven J. St. Onge | 5,278.11 |

112 G H Carter Drive
Danville, NH  03819

Ellen P. Stevenson               318.39
72 So. Main Street
P.O. Box 415
Newton, NH  03858

**Total**                    **$31,527.38**